**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lindsay Weast, | ) | |
|    Plaintiff, | ) ) ) | |
|    v. | ) ) | No.   17 C 1846 |
| Weltman, Weinberg & Reis Co., L.P.A., an Ohio corporation, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
|    Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Lindsay Weast, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Lindsay Weast ("Weast"), is a resident of the State of Kansas, from whom Defendants attempted to collect a delinquent consumer debt that she owed for a Credit One Bank credit card, despite the fact that she had exercised her right to be represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for

Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, Weltman, Weinberg & Reis ("Weltman"), is an Ohio corporation and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Weltman operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Weltman was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like Weltman.

7. Defendants Weltman and LVNV are both authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact,

Weltman and LVNV each conduct extensive and substantial business in Illinois.

8. Defendant LVNV is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant LVNV acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. Due to economic hardship, Ms. Weast fell behind on paying her bills, including a debt she owed for a Credit One Bank credit card. At some point in time after that debt became delinquent, Defendant LVNV bought/obtained that debt and began trying to collect it from Ms. Weast. This caused Ms. Weast to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendants' collection actions.

10. Accordingly, via letter, dated October 28, 2013, Ms. Weast's attorneys at LACD confirmed to Defendants, in writing, that Ms. Weast was represented by counsel, and directed Defendants to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Weast was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

11. Thereafter, from November, 2013 through February, 2017, Ms. Weast's attorneys at LACD sent Defendants monthly payments, from their offices in Chicago, Illinois, which payments were accepted by Defendants.

12. Nonetheless, Defendants communicated directly with Ms. Weast, via a collection letter dated March 1, 2017, regarding payment of the Credit One Bank debt. A copy of this collection letter is attached as Exhibit D.

13. Defendants' violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to demand that collection communications made directly to her cease and, instead, be directed towards her attorneys, Defendants' continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

14. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendants' actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion.

15. Defendants' collection actions complained of herein (Exhibit D) occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Ms. Weast's attorney/agent, LACD, told Defendants

to cease communications with Ms. Weast (Exhibit C). By continuing to communicate via a letter regarding the debt and demanding payment from Ms. Weast (Exhibit D), Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew that Ms. Weast was represented by counsel in connection with her debt because her attorneys at LACD had informed Defendants, in writing (Exhibit C), that she was represented by counsel, and had directed Defendants to cease directly communicating with her. By directly sending Ms. Weast a collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

**PRAYER FOR RELIEF**

Plaintiff, Lindsay Weast, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Ms. Weast and against Defendants Weltman and LVNV, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Lindsay Weast, demands trial by jury.

Lindsay Weast,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: March 8, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

6